PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KARIA L. LANKEN, | ) | |
| | ) | CASE NO. 5:11CV2607 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 19] |

     This action is before the Court upon Plaintiff's Motion for Award of Attorneys Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (ECF No. 21). Plaintiff moves the Court for an order authorizing payment of a fee in the amount of $4,004 and expenses of $365.45 to be paid by Defendant. The Court has been advised, having reviewed the record, the parties' briefs and the applicable law. For the reasons that follow, the Court will grant the motion and award fees in the amount of $4,369.45.

     Plaintiff asks for an award of fees in the amount of $4,004 to be paid to Plaintiff's attorney, including $176.00 per hour for 22.75 hours of work on this case in U.S. District Court. ECF Nos. 19-2 at 1; 23 at 5. Defendant does not challenge Plaintiff's entitlement to fees. Rather, the Commissioner requests that the Court reduce Plaintiff's award of EAJA fees because Plaintiff has failed to establish that the requested hourly rate for attorney fees is reasonable. ECF No. 22 at 2. The Commissioner further asserts the $365.45 in expenses requested should not be

(5:11CV2607)

awarded because Plaintiff has failed to explain what the expenses consisted of and how she arrived at that amount.  ECF No. 22 at 8.

Under the EAJA , the amount of attorney fees awarded shall be based upon the prevailing market rates for the kind and quality of services furnished, except that ". . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  The Court must review Plaintiff's application for attorney's fees to determine whether the requested fees are reasonable.  *See* 28 U.S.C. § 2412(d)(1)(A), (B); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Plaintiff argues that an increase in the cost of living since March 1996 justifies an increase in the statutory rate.  ECF No. 19-1 at 3.  She requests attorney's fees at the statutory rate of $125 an hour, plus a cost-of-living increase based upon the "CPI-All Items Index for the Cleveland-Akron area" for an adjusted rate of $176.00 an hour.  ECF No. 19-1 at 4.  In support of her request, Plaintiff has filed counsel's affidavit (ECF No. 20-1).  Further, Plaintiff argues that the nature of her case, chronic fatigue syndrome, is the type of case that many lawyers would shy away from in Federal court due to the inherent difficulties in representing individuals with largely subjective conditions.  ECF No. 23 at 4.

In *Rodriguez v. Comm'r of Soc. Sec.*, No. 3:11CV0398, 2012 WL 2905928, at *6 (N.D. Ohio July 16, 2012), U.S. Magistrate Judge Nancy A. Vecchiarelli concluded that a rate of $176.95 per hour is reasonable and appropriate.  In *Vasquez v. Astrue*, No. 3:11CV0177, 2012 WL 3637676, at *3 (N.D.Ohio Aug. 22, 2012), and *Jaworski v. Astrue*, No. 1:10CV2936, 2012

2

(5:11CV2607)

WL 3552634, at *3 (N.D. Ohio Aug. 16, 2012), U.S. Magistrate Judge Greg White also found the appropriate hourly rate is $176.95.  *But see Keyes v. Astrue*, No. 1:11CV0312, 2012 WL 2498892 (N.D. Ohio June 27, 2012) (Gwin, J.) (finding Plaintiff failed to demonstrate special factors that warrant a fee increase beyond the presumptive statutory maximum ); *Jones v. Comm'r of Soc. Sec.*, No. 1:10CV2568, slip op. at 8 (N.D. Ohio Sept. 11, 2012) (Nugent, J.) (ECF No. 30) ("$125 hourly statutory rate is fair and adequate under the facts and circumstances of this case").  The Court finds that Plaintiff has established that her requested hourly rate of $176.00 for attorney fees is reasonable.  Thus, an increase in the hourly rate above the statutory ceiling of $125 is justified in the case at bar.

Moreover, Plaintiff, in reply to Defendant's response, asserts the costs requested reflect the $350.00 filing fee and the cost of obtaining service by certified mail/return receipt to the three necessary entities ($15.45).  ECF No. 23 at 1.  Thus, Plaintiff has adequately established her $365.45 cost request, which the Court finds reasonable.

Accordingly, Plaintiff's Motion for Award of Attorneys Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (ECF No. 19) is granted.

Plaintiff is awarded the sum of Four Thousand Three Hundred Sixty-nine and 45/100 Dollars ($4,369.45) ($176.00 for 22.75 hours work plus $365.45 costs).  Any fees paid belong to Plaintiff and can be offset to satisfy any pre-existing debt that Plaintiff owes the United States, pursuant to the decision in *Astrue v. Ratliff*, --- U.S. ----, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010). If counsel for the parties can verify that Plaintiff owes no pre-existing debts to the United States that are subject to offset, Defendant shall direct that the award be made payable to Plaintiff's

(5:11CV2607)

attorney pursuant to the attorney's fee assignment duly signed by Plaintiff and her counsel.

Defendant shall direct the Treasury Department to mail any check in this matter to the business address of Plaintiff's counsel.

      IT IS SO ORDERED.

| | |
|---|---|
| January 22, 2013 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson<br>United States District Judge |