PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KARIA LANKEN, ) | |
| ) | CASE NO. 5:11cv2607 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendant. ) | **ORDER** [Regarding ECF No. 25] |

This action is before the Court upon the Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1) filed by Dianne R. Newman, counsel for Plaintiff. ECF No. 25. Newman moves the Court for an order authorizing payment of a fee in the amount of $17,000. ECF No. 25-1 at 3. Defendant, in response, opposes Newman's motion on the grounds that the award constitutes a windfall for Ms. Newman's efforts. ECF No. 27. The Court has been advised, having reviewed the record, the briefs, and the applicable law. For the reasons that follow, the Court grants the motion in part and awards fees for the amount of $7,962.50.

> 42 U.S.C. § 406(b)(1)(A) states,
>
> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

(5:11cv2607)

A court "begin[s] by using twenty-five percent of the past due benefits as a benchmark." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989). Next, a court considers whether a fee agreement has been executed by the plaintiff— "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Id.* When there is a twenty-five percent fee agreement between attorney and plaintiff, generally the only cause for deductions are a showing of incompetence or ineffectiveness, or where plaintiff's counsel would enjoy a windfall. *Id.* "[A] windfall can never occur when . . . the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes v. Secretary of Health and Human Services*, 923 F.2d 418, 422 (6th Cir. 1990). Courts in this district have previously found that a $350 per-hour rate is not excessive in awarding fees pursuant to 406(b).[1] *See Koprowski v. Comm'r of Soc. Sec*, 2013 WL 29804, at *2-3 (N.D. Ohio Jan 2, 2013); *Brown v. Comm'r of Soc. Sec.*, 2012 WL 6682112, at *3 (N.D. Ohio Dec. 21, 2012); *Godfrey v. Astrue*, 2012 WL 3715883, at *1 (N.D. Ohio Apr. 27 2012); *Arnold v. Astrue*, 2011 WL 307969, at *2 (N.D. Ohio Jan. 11, 2011).

In the instant case, Newman submits her account of time, the Social Security Administration Notice of Award awarding Plaintiff disability benefits, a declaration, and her fee

---

[1] The $350 per hour figure represents twice the reasonable hourly rate of $175. *See e.g. Hayes,* 923 F.2d at 422; *Koprowski,* 2013 WL 29804, at *2.

(5:11cv2607)

arrangement with Plaintiff which sets forth a twenty-five percent fee.  ECF Nos. 25-2; 25-3; 25-4; 25-5.  In support of her argument that the requested award would not constitute a windfall, Newman states that her award of $17,000 represents only 15.7% of awarded retroactive benefits—below the agreed percentage contained in her contract with Plaintiff.  ECF No. 25-2 at 3.  Furthermore, Newman avers that she has been authorized fees in past cases where her hourly rate amounted to between $300 and $800 per hour.  ECF No. 25-4 at 2.

Newman's award constitutes an hourly rate of $747.25—over twice the rate deemed not to be excessive.  While Newman may have been authorized fees of up to $800 per hour, she has not presented evidence to demonstrate that such an award is reasonable in this geographic region.[2]  *Marion v. Comm'r of Soc. Soc. Sec.*, 2013 WL 5718753 (N.D. Ohio Oct. 18, 2013) ("[T]he normal rate in the relevant market is not set by counsel's own approximation.  He has not cited a single case where a § 406(b) award was anywhere near $600 per hour.").  Newman even concedes that the hourly rate is more than what she normally requests for this type of case.  ECF No. 25-2 at 3.  In contrast, the Commissioner has submitted ample authority suggesting that $350.00 per hour is a reasonable hourly rate for the Northern District of Ohio.  *Roniger v. Comm'r of Soc. Sec.*, 2012 WL 1592529, at *3 (N.D. Ohio May 4, 2012); *Arnold*, 2011 WL 307969, at *2; *Santiago v. Astrue*, 2010 WL 5288170, at *2 (N.D. Ohio Dec. 17, 2010).

Accordingly, the Court finds that an hourly rate of $747.25 is excessive in the instant case

---

[2] The Court has no disagreement with Counsel's statement that she "believes that her work on this particular case was effective, efficiently performed and not duplicative of any other work that had been done."  ECF No. 25-1 at 3.  The rate, not the talent, is at issue.

3

(5:11cv2607)

and constitutes a windfall.  The Court grants Newman's motion in part and hereby authorizes payment of a fee in the amount of $7,962.50.[3]

    IT IS SO ORDERED.

| September 8, 2014 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |

---

[3] $350.00 X 22.75 hours = $7,962.50.